698 P.2d 746

Vincent **PETTINATO,**
Petitioner Employee,

v.

The **INDUSTRIAL COMMISSION OF ARIZONA, Respondent,**

CTI, Inc., Respondent Employer,

United States Fidelity & Guaranty Company, Respondent Carrier.

No. 1 CA–IC 3164.

Court of Appeals of Arizona, Department C, Division 1.

Dec. 24, 1984.

Reconsideration Denied Feb. 5, 1985.

Review Denied Feb. 20, 1985.

Davis, Eppstein & Hall, P.C. by Philip Hall, Tucson, for petitioner employee.

Sandra A. Day, Chief Counsel, Indus. Com'n of Arizona, Phoenix, for respondent.

Kimble, Gothreau, Nelson & Cannon, P.C. by Michael J. Gothreau, Deborah Bernini, Daryl A. Audilett, Tucson, for respondent employer and respondent carrier.

## OPINION

OGG, Judge.

The issue in this special action review of an Industrial Commission award dismissing respondents' request for hearing is whether the administrative law judge erred in denying claimant's request for attorneys' fees and costs. Because the administrative law judge had neither statutory nor rule authority to award attorneys' fees and costs, we affirm the award.

On March 21, 1977, claimant, a truck driver, injured his back and right knee while at work. His claim for benefits was accepted. Eventually, the claim was closed with an unscheduled permanent partial disability and a notice granting supportive care benefits was issued. On June 28, 1983, the Industrial Commission found claimant had sustained a 100% loss of earning capacity and awarded him $666.70 per month. Respondents carrier and employer filed a protest against this award and requested a further hearing. Claimant subsequently protested the notice for supportive care benefits and requested a hearing.

Claimant sent interrogatories to respondents requesting discovery of the evidence respondents intended to produce at hearing. In their answers to· the interrogatories, respondents stated that a private investigator would testify that claimant was working. They also stated that motion pictures would be presented that would reveal that claimant had no physical impairment or loss of earning capacity. Thereafter, claimant deposed the private investigator. The deposition disclosed that no surveillance movies existed.

In response to a representation that claimant might be employed by his neighbor, Richard Long, claimant subpoenaed Mr. Long to appear at the hearing. Claimant also employed a labor market consultant and two psychologists to review and evaluate claimant's ability to work. Respondents did not conduct any form of discovery.

At a November 9, 1983 prehearing conference, respondents joined in claimant's prior subpoena request for Mr. Long. Claimant withdrew his request for hearing on the issue of supportive care and requested that sanctions in the form of costs be imposed against respondents. The administrative law judge took the request under advisement.

At the hearing, claimant and the labor market consultant testified that claimant's back and leg conditions prevented him from working. The private investigator testified that she had never observed claimant working in her spot-check surveillance. Additionally, no motion pictures were presented. Mr. Long did not appear at the hearing and respondents requested a continued hearing to take his testimony. The administrative law judge granted respondents' request and ordered the parties to submit memoranda on whether costs could be awarded as a sanction.

At the continued hearing, Mr. Long testified that he had never employed claimant. He further stated that he had asked claimant to accompany him on some trucking trips because claimant was depressed. Claimant accompanied Mr. Long on the trips but performed no employment duties.

In his November 28, 1983 award, the administrative law judge found the respondents' position was baseless and frivolous and dismissed the respondents' request for hearing. He denied claimant's request for attorneys' fees and costs.[1] Claimant re-

---

1. Specifically, the administrative law judge found:

Industrial Commission proceedings must be conducted in such a manner as will achieve "substantial justice," A.R.S. § 23–941F; E.S. Kelton Contracting v. Industrial Commission, 123 Ariz. 485 (App.), 600 P.2d 1117 (1979). Abusive discovery and frivolous litigation due to lack of preparation should not be tolerated. The defendants failed to exercise due dil-

igence in preparation/discovery as well as in the presentation of testimony/evidence has caused the applicant to unnecessarily incur costs and attorney fees in excess of $800.00. Additionally, because of the defendants' failure to exercise due diligence, the Industrial Commission has incurred administrative and hearing costs in excess of $500.00. The undersigned has issued approximately 3,000 awards in just over ten years and the instant

quested review of the denial of attorneys' fees and costs. On review, the award was affirmed and this special action followed.

Claimant presents three arguments in support of his contention that the administrative law judge erred in finding that he was without authority to award costs and attorneys' fees.[2] Initially, claimant argues that despite the absence of a statute authorizing an award of attorneys' fees and costs in a worker's compensation case, the Industrial Commission has the implied power to order fees and costs. Claimant also argues that fees and costs may be awarded pursuant to A.R.S. § 12–341.01 as "arising out of contract". Finally, claimant asserts that fees and costs should have been awarded as a sanction. We address claimant's arguments in the order presented.

■■■ Claimant asserts that the Industrial Commission's exclusive jurisdiction over compensation claims gives it the implied power to order attorneys' fees and costs. We disagree. The Industrial Commission has no powers except those expressly conferred or necessarily implied by statute. *Pressley v. Industrial Commission*, 73 Ariz. 22, 236 P.2d 1011 (1951). Arizona has no statute authorizing the Industrial Commission to grant attorneys'

fees and costs in worker's compensation cases and we perceive no authority from which it could be implied.[3]

The Industrial Commission's exclusive jurisdiction over compensation cases relates to a claimant's entitlement to compensation benefits. *Rios v. Industrial Commission*, 120 Ariz. 374, 586 P.2d 219 (App. 1978). Absent from that compensation scheme is authority to award attorneys' fees and costs. Moreover, we will not imply such authority under the guise of a "liberal construction" of the Workers' Compensation Act. *Cf. Nicholson v. Industrial Commission*, 76 Ariz. 105, 259 P.2d 547 (1953) (although this court will favor a liberal construction of the Act in order to effectuate its remedial purposes, we will not impose burdens and liabilities that are not within its terms or spirit).

■■ The fundamental rule in worker's compensation litigation regarding attorneys' fees is the same as that for any other kind of case: the parties are responsible for their own attorneys' fees, whether they are successful or not. 3 Larson, *Workmen's Compensation Law*, § 83.11 at 15–615 (1983). Although application of this practice to a closely calculated system of

---

case is without any doubt the most frivolous and baseless hearing ever presided over. The defendants have violated the spirit of the Workmen's Compensation Act as well as the letter of the Rules of Procedure as they pertain to discovery, *Rule* 40, *R.Proc.I.C.A.*, *A.C.R.R.*, R–4–13–140; *Rule* 42, *R.Proc.I.C.A.*, *A.C.R.R.*, R–4–13–142; and *Rule* 44, *R.Proc.I.C.A.*, *A.C.R.R.*, R–4–13–144, subpoena requests, *Rule* 41, *R.Proc.I.C.A.*, *A.C.R.R.*, R–4–13–141 and continued hearings, *Rule* 56, *R.Proc.I.C.A.*, *A.C.R.R.*, R–4–13–156.

\* \* \* \* \* \*

Because the defendants have failed to abide with the provisions of these rules and good cause not appearing to relieve them from imposition of [the sanction of dismissal] their REQUEST FOR HEARING should be dismissed.

Due to the actions of the defendants the applicant and the Industrial Commission have incurred costs in excess of $1,300.00. These costs should be recoverable; however, because there exists no statutory or procedural provisions for ordering payment of such costs, both the applicant and the Industrial

Commission will have to bear their respective expenses. If there was any provision whatsoever either inherent or actual to assess costs in the instant case, costs would be assessed against the defendants.

2. Respondents do not respond to these arguments. Rather, they argue that this court lacks jurisdiction to decide the appeal and that the litigation was not frivolous. Although we agree with respondents that our authority on appeal is limited to affirming or setting aside the award, A.R.S. § 23–951(D), we nonetheless have jurisdiction over the appeal. *See generally* A.R.S. § 23–951. Moreover, a review of the record supports the administrative law judge's conclusion that the litigation was frivolous.

3. Pursuant to A.R.S. § 23–1069, the Industrial Commission may fix a reasonable contingent fee where the claimant and his attorney have not agreed upon one and the attorney or claimant applies to the Commission. The statute clearly anticipates that a claimant bears the obligation to pay his own attorney if successful in securing an award.

wage-loss benefits may limit the social objectives of compensation legislation, the legislature has made no provision relieving a litigant from bearing his own legal fees and costs.

■ Claimant next argues that A.R.S. § 12–341.01 authorizes an award of costs and attorneys' fees because liability for compensation arises out of a "contract for hire". A.R.S. § 12–341.01(A) and (B) provides:

A. In any contested action arising out of a contract, express or implied, the court may award the successful party reasonable attorney's fees. This section shall in no manner be construed as altering, prohibiting or restricting present or future contracts or statutes that may provide for attorney's fees.

B. The award of reasonable attorney's fees awarded pursuant to subsection A should be made to mitigate the burden of the expense of litigation to establish a just claim or a just defense. It need not equal or relate to the attorney's fees actually paid or contracted, but such award may not exceed the amount paid or agreed to be paid.

Although a "contract for hire" either expressed or implied is necessary to establish an employer-employee relationship, *Keeney v. Industrial Commission*, 24 Ariz.App. 3, 535 P.2d 31 (1975), actions for compensation benefits do not "arise out of contract." The right to benefits under the Worker's Compensation Act is constitutional (art. 18, § 8, Ariz.Const.) and statutory (A.R.S. § 23–901 *et seq.*) Its benefits are triggered by a work-related injury, not the underlying employment agreement. For this reason, claimant's reliance on *Sparks v. Republic National Life Insurance Co.*, 132 Ariz. 529, 647 P.2d 1127 (1982), is misplaced. In *Sparks*, tort claims of misrepresentation and bad faith were held to arise out of an insurance contract, the breach of which was the basis of litigation. The basis of litigation in a worker's compensation

proceeding is a work-related injury. Although the employee-employer relationship may be a prerequisite to securing compensation benefits, benefits are awarded because of the injury.

We also reject claimant's argument that fees and costs were an appropriate sanction. However, *see Mother Tucker's Food Experience v. Industrial Commission*, 142 Ariz. 496, 690 P.2d 797 (1984). No Industrial Commission rule authorizes an administrative law judge to award attorneys' fees or costs as a sanction.[4]

We therefore affirm the award.

EUBANK, P.J., and JACOBSON, C.J., concur.

---

**4.** We express no opinion as to whether the Commission under its rule-making power and its ability to control the hearing process has authority to award attorneys' fees as a sanction in appropriate circumstances.