STATE OF NORTH CAROLINA v. STEVEN T. MILLER

No. 842SC1199

(Filed 15 October 1985)

1. Divorce and Alimony § 24.4— enforcement of child support order—contempt— improper

The trial court's findings were insufficient to support an order imprisoning defendant unless he paid $40 each week on a child support arrearage where the court found that defendant was totally disabled because of a work related spinal cord injury; that his only income was a weekly workers' compensation payment; that he required frequent medical attention by a neurologist in Greenville and by an orthopedist and urologist at Duke University Medical Center; that defendant's expenses included transportation, primarily cab fare; and that defendant did not own a car and lived alone. The record did not show

that defendant was capable of paying $40 a week into court because, while the court's findings showed that defendant had $45 left from his weekly benefits check after paying bills for rent, utilities, and groceries, they did not show what his transportation and other necessary expenses were. G.S. 5A-21.

2. **Divorce and Alimony § 24; Master and Servant § 79.1— workers' compensation —not exempt from child support obligation**

   The obligation to support one's children is not a debt in the legal sense of the word and a court was not forbidden by G.S. 97-21 from requiring defendant to pay child support out of his workers' compensation benefits.

APPEAL by defendant from *Horner, Judge.* Order entered 13 August 1984 in District Court, BEAUFORT County. Heard in the Court of Appeals 27 August 1985.

*Attorney General Thornburg, by Assistant Attorney General Clifton H. Duke, for the State.*

*Franklin B. Johnston for defendant appellant.*

PHILLIPS, Judge.

In July 1981 in the District Court of Beaufort County defendant was convicted of failing to support his illegitimate child and his seven months prison sentence was suspended on condition that he pay $25 each week toward the child's support. The amount of the weekly payments was later reduced to $15. In August 1984 when defendant was admittedly $2,485 behind on the payments, he was found in contempt of the support order and was committed to jail, with the proviso that he can purge himself of the contempt by paying $40 into court each week until the arrearage is discharged. In substance, the court's findings of fact were that: Defendant is totally disabled because of a work-related spinal cord injury and his only income is a weekly workers' compensation payment in the amount of $133; because of his injury he is unable to control his kidneys and bowels, often has blisters on his legs and buttocks, and requires frequent medical attention by his neurologist in Greenville and by his orthopedist and urologist at Duke University Medical Center in Durham, where multiple surgery is planned; defendant's weekly expenses are $37.50 for rent, $15.00 for utilities and $35.00 for groceries; and "the defendant has transportation expenses, primarily for cab fare, in that the defendant does not own a car and lives alone."

[1]   Defendant's contention that the findings made do not support the order imprisoning him unless he hereafter pays $40 each week on the arrearage is well taken. Since the manifest purpose of the order appealed from is to coerce defendant into complying with the previous order of the court, it is an order of civil contempt. G.S. 5A-21; *Brower v. Brower,* 70 N.C. App. 131, 318 S.E. 2d 542 (1984). Before a previous order of child support can be enforced by civil imprisonment which can be avoided by paying money it must first appear that the defendant is capable of making the payments required. *Teachey v. Teachey,* 46 N.C. App. 332, 264 S.E. 2d 786 (1980). The record here does not show that defendant is capable of paying $40 a week into court. While the court's findings show that defendant has $45 left from his weekly benefits check after paying his bills for rent, utilities and groceries, they do not show what his transportation and other necessary expenses amount to; and under the circumstances recorded we cannot assume that these expenses amount to $5 or less each week. Though the court found that defendant must hire others, usually a taxi, to take him wherever he has to go, it did not find how much transportation he requires or what it costs. The expense of hiring someone just to take him to the offices of the several doctors that treat him, two of whom are situated more than a hundred miles from Greenville where he now lives, could be considerable; as could the weekly cost of taking him to the grocery store, drug store, barber shop, laundry, bank and other places that he has to go. Nor did the court make any finding as to the cost of defendant's other necessary living expenses — for clothing, laundry, dry cleaning, medicine, toilet articles, etc. We therefore vacate the order appealed from and remand the matter to the District Court for a hearing *de novo* on the motion involved.

[2]   But we reject defendant's further contention that requiring him to pay child support out of his workers' compensation benefits is forbidden by G.S. 97-21. This statute, in pertinent part, provides that "[n]o claim for compensation under this Article shall be assignable, and all compensation and claims therefor shall be exempt from all claims of creditors and from taxes." The obligation to support one's children is not a "debt" in the legal sense of the word, *Ritchie v. White,* 225 N.C. 450, 35 S.E. 2d 414 (1945), and leaving aside the other circumstances that must be considered a parent's duty to support his children is not measured by the

*source* of his means or income, but their extent. Too, helping to sustain the dependents of employees disabled on the job is one of the main purposes of our Workers' Compensation Act.

Vacated and remanded.

Judges WELLS and WHICHARD concur.