766 P.2d 619

**ARGONAUT INSURANCE COMPANY, Petitioner–Appellant,**

v.

**Donna F. LYONS, Respondent–Appellee.**

**No. 1 CA–CIV 9608.**

Court of Appeals of Arizona, Division 1, Department A.

Dec. 6, 1988.

268

Long & Lester, P.A., Phoenix by Steven C. Lester, for petitioner-appellant.

Robert Corbin, Atty. Gen., Phoenix by Kim D. Gillespie, Asst. Atty. Gen., for respondent-appellee.

## OPINION

GREER, Judge.

Appellant Argonaut Insurance Company appeals from the trial court's order holding that workers' compensation benefits may be reached to satisfy child support obligations and ordering that Argonaut, as the

father's workers' compensation provider, honor the *ex parte* order of assignment of his compensation benefits for lost wages entered on behalf of the respondent-mother. A.R.S. § 12–2454.01(C) (effective until January 1, 1988).[1]

David and Donna Jackson were divorced in April of 1978. Donna has since remarried and her marital name is Donna F. Lyons. Their decree of dissolution required David to pay $175 per month in child support for the couple's one minor child. In March 1979, the court approved a wage assignment voluntarily executed by David in the sum of $56.25 per week, which included $50.00 per month to satisfy David's arrearages.

Donna subsequently sought the aid of the Maricopa County Attorney to enforce the order of support. In August 1979, the trial court ordered an assignment of David's wages earned at Fry's Warehouse to Donna for $175 per month, plus $50 per month for arrearages.

In November of 1985, Donna again sought the aid of the Maricopa County Attorney, who filed a petition for assignment of periodic earnings and entitlements, alleging that David was in arrearages in the amount of $9,228.00 as of October 31, 1985. Pursuant to A.R.S. § 12–2454.01(C), the County Attorney sent a wage assignment to A.J. Bayless Markets, David's employer, for the same amounts. A.R.S. § 12–2454.01(C) provides:

> The petition need not be verified if filed by the attorney general or county attorney. Following receipt of the petition, the clerk of the Superior Court, without notice to the person obligated to pay support or maintenance, shall order such person's periodic earnings *or other periodic entitlements* to monies *without regard to source* as is sufficient to pay the amount ordered by the court....

(Emphasis added.) A.J. Bayless made payments pursuant to that assignment until September 1986.

---

1. A.R.S. § 12–2454.01 was amended by Laws 1987, ch. 211, § 3, effective January 1, 1988. All citations and quotations to this statute herein refer to the previous statute effective *until* January 1, 1988.

On September 19, 1986, while David was working as a warehouseman for A.J. Bayless, he suffered an industrial injury which precluded him, at least temporarily, from returning to work. He filed a workers' compensation claim and was awarded the statutory maximum in lost wage benefits of $883.78 per month (two-thirds of $1,325.00), which is being paid by Argonaut, A.J. Bayless' workers' compensation carrier.

Ariz.Rev.Stat. § 12–2454.01(F) states, in part:

> An order of assignment under this section shall be binding upon future employers *and other future payors*, as an assignment by law, thirty-one days after a certified copy of the assignment order is served on such other payor as provided under the rules of civil procedure or by registered mail....

(Emphasis added.) Pursuant to that statute, the County Attorney sent Argonaut a certified copy of the same wage assignment order on January 15, 1987, thus requiring Argonaut to comply with the order for assignment as a payor of periodic earnings and entitlements. Thereafter, Argonaut filed a petition for an order to show cause, asserting that, pursuant to A.R.S. § 23–1068(B), workers' compensation benefits were exempt from orders of assignment to pay child support. David did not appear at the show cause hearing. After the hearing, the trial court entered its order holding that David's workers' compensation benefits could be used to satisfy his child support obligations and arrearages, provided the total of these two amounts did not exceed fifty percent of his workers' compensation benefits. This appeal followed.

The only issues on appeal are (1) whether workers' compensation benefits can be assigned to satisfy a claim for child support, and (2) if so, whether such an order conflicts with the workers' compensation carrier's duty of good faith and fair dealing towards recipients of compensation benefits.

We do not agree with the appellant that David's workers' compensation benefits could not be used to satisfy child support obligations. A.R.S. § 23–1068(B), which deals with workers' compensation benefits, provides:

> Compensation shall be exempt from attachment, garnishment and execution, and shall not pass to another person by operation of law, ...

Section 12–2454.01(M), A.R.S., further provides for an *ex parte* wage assignment to fulfill child support obligations and states:

> An assignment ordered under this section does not apply to amounts made exempt under § 33–1131, subsection C or any other applicable exemption laws, and any order of assignment is void to the extent it may purport to reach any such exempt amount, but only to that extent.

This subsection merely extends a debtor's exemption of fifty percent of his disposable earnings from process to a child support obligor, thus leaving the remaining fifty percent of the obligor's disposable earnings unexempt from process. *See* A.R.S. § 33–1131(A) and (C).[2]

We agree with the appellee that the rationale of *Industr. Comm'n v. Oden*, 68 Ariz. 234, 204 P.2d 849 (1949), is on point and applies here. The adoption of A.R.S. § 12–2454.01 does not make *Oden* inapplicable, but is in fact consistent with and facilitates its application.

In *Oden*, the supreme court held that a divorced mother who has no remedy at law to enforce provisions of a divorce decree for child support could invoke the equitable jurisdiction of the court to impress a workmen's compensation award with the father's obligation to support his minor children. *Id.* at 238–41, 204 P.2d at 853–56.

The court in *Oden* drew a distinction between the right of attachment, garnish-

---

**2.** A.R.S. § 33–1131(A) describes disposable earnings as:

> that remaining portion of a debtor's wages, salary, or compensation for his personal services, including bonuses and commissions, or otherwise, and includes payments pursuant to a pension or retirement program, after deducting from such earnings those amounts required by law to be withheld.

ment, and execution, which arises out of a business obligation or debt, and the right to impress child support obligations on workers' compensation benefits, which is not founded on any kind of business transaction or contract, "but on the natural and legal duty of a father to support his minor children." *Id.* at 238, 204 P.2d at 853. *See also,* A.R.S. §§ 12–1521 and 12–1571.

This reasoning was extended to unemployment compensation benefits in *Bagalini v. Dept. of Economic Sec.,* 135 Ariz. 326, 660 P.2d 1253 (App.1983), in which this Court, Division 2, noted:

> It is generally held that statutes exempting property from legal process in the enforcement of a claim against a husband or father are not applicable to a claim for alimony or support. *Meadows v. Meadows,* 619 P.2d 598 (Okl.1980); *State v. Reed,* 5 Conn.Cir. 69, 241 A.2d 875 (1967); 24 Am.Jur.2d Divorce and Separation § 721 (1966). See also Annot. 31 A.L.R.2d 532 (1924). The usual rationale is that such claims are not true debts. The wife and children are not creditors in the ordinary sense, but are in fact persons meant to be benefited as much as the recipient himself.

*Id.* at 328, 660 P.2d at 1255. *See Bickel v. Bickel,* 17 Ariz.App. 29, 495 P.2d 154 (1972); *Cardenas v. Cardenas,* 478 A.2d 968 (R.I.1984); *Stellar v. Stellar,* 97 N.J. Super. 493, 235 A.2d 476 (1967); *Donovan v. Donovan,* 15 Mass.App. 61, 443 N.E.2d 432 (1982); *Petrie v. Petrie,* 41 Mich.App. 80, 199 N.W.2d 673 (1972); *Dallesandro v. Dallesandro,* 110 Misc.2d 342, 442 N.Y.S. 2d 400 (1981); *In re the Marriage of Schonts,* 345 N.W.2d 145 (Iowa App.1983); *Hicks v. Hicks,* 546 S.W.2d 71 (Tex.Civ. App.1976); *State v. Miller,* 77 N.C.App. 436, 335 S.E.2d 187 (1985). *See also,* 2 Larson, *The Law of Workmen's Compensation,* § 58.47 (1986); Annot. 54 A.L.R.2d 1422, 1432 (1957). *But see Calvin v. Calvin,* 6 Or.App. 572, 487 P.2d 1164, 489 P.2d 403 (1971), *overruled, Satterfield v. Satterfield,* 292 Or. 780, 643 P.2d 336 (1982).[3]

Since statutes exempting property from legal process to enforce a claim for debt or a debt arising out of a contract are not applicable against a claim for child support, up to one-half of David Jackson's workers' compensation benefits were not exempt from assignment. *Oden,* 68 Ariz. 234, 204 P.2d 849; A.R.S. §§ 12–2454.01(N) and 33–1131(C). Section 12–2454.01 simply provides a process by which a spouse can seek the support to which she is entitled pursuant to *Oden.*

We further note that A.R.S. § 33–1126(A) provides:

> The following property of a debtor shall be exempt from execution, attachment, or sale on any process issued from any court:
>
> .        .        .        .        .
>
> 3. All money, proceeds, or benefits of any kind to be paid in a lump sum or to be rendered on a periodic or installment basis to the insured or any beneficiary under any policy of health, accident or disability insurance or similar plan or program of benefits in use by any employer, ... *except for payment of amounts ordered for support of a person from proceeds and benefits furnished in lieu of earnings which would have been subject to such order and subject to any exemption applicable to earnings so replaced.*

(Emphasis added.)

█ Appellant attempts to draw a distinction between *Oden, supra,* and the present case by noting that the court in *Oden* based its decision on principles of equity and that Mr. Oden had an opportunity to and did present his side of the issue. It argues that, since this was an *ex parte* order of assignment, without notice to David Jackson, he did not have an opportunity to be heard.

However, pursuant to A.R.S. § 12–2454.01(G), appellant was required to

---

**3.** After the appeal in *Bagalini* was perfected, but prior to the court's decision, the 1982 Arizona legislature amended A.R.S. § 23–783, adding subsection B to exempt actions to recover child support obligations from the prohibition against levy, execution, attachment or any other remedy for the prevention of debts.

give David notice of the assignment within ten days of its receipt thereof. At no time did appellant argue or present evidence that it did not comply with its legal duty, nor did David move to quash the assignment pursuant to A.R.S. § 12–2454.01(H) or petition the court to modify the order of assignment due to substantial and continuing changed circumstances pursuant to A.R.S. § 12–2454.01(J). The *ex parte* order was not effective for thirty-one days, giving David ample time to challenge the order or move to intervene if he desired to do so. A.R.S. § 12–2454.01(E) and (F).

Any attempt by Argonaut to argue David's burden and hardship for him is mere conjecture on its part. The evidence in the record supports the trial court's decision below, and we will therefore not disturb it on appeal.

■ Because Argonaut is required by A.R.S. § 12–2454.01 to honor the order of wage assignment, and because workers' compensation benefits can be used to satisfy a claim for child support and arrearages, we further hold that Argonaut, if it has complied with the provisions of A.R.S. § 12–2454.01, and more particularly with subsection G, has not violated its duty of good faith and fair dealing towards David Jackson. *Franks v. United States Fidelity & Guaranty Co.*, 149 Ariz. 291, 718 P.2d 193 (App.1985).

The judgment of the trial court is affirmed.

JACOBSON, P.J., and HAIRE, J., concur.