943 P.2d 831 (1997)
189 Ariz. 471
Joe SAENZ, Plaintiff-Appellant, Cross-Appellee,
v.
The STATE FUND WORKERS' COMPENSATION INSURANCE, a Political entity of the State of Arizona and subdivision or Department of the State of Arizona, Defendant-Appellee, Cross-Appellant.
No. 1 CA-CV 96-0202.
Court of Appeals of Arizona, Division 1, Department A.
March 27, 1997.
Review Denied September 19, 1997.
*832 Van Baalen Law Offices by Peter T. Van Baalen, Phoenix, for Plaintiff-Appellant, Cross-Appellee.
Teilborg, Sanders & Parks by Mark G. Worischeck, Melinda K. Cekander, David E. Koval, Phoenix, for Defendant-Appellee, Cross-Appellant.

OPINION
RYAN, Judge.
Joe Saenz ("Saenz") appeals from the trial court's entry of summary judgment in favor *833 of the Arizona State Compensation Fund ("the Fund") on Saenz's claims for bad faith, breach of contract, and punitive damages. Saenz claimed that the Fund acted in bad faith and breached the parties' settlement agreement when it transmitted a portion of the settlement amount to the clerk of the superior court under an order of assignment. We hold that in complying with the order of assignment, the Fund was not required to wait thirty-one days before transmitting the funds and was in fact required to do so within ten days of the date it agreed to pay Saenz. See Arizona Revised Statutes Annotated ("A.R.S.") § 12-2454.01(F).[1] We also conclude that the Fund is entitled to have its attorneys' fees request considered by the trial court.

BACKGROUND
Saenz was injured in 1991 while working for Pinnacle Commercial, which provided workers' compensation insurance through the Fund. The Industrial Commission ("the Commission") awarded Saenz permanent partial disability benefits of $379.46 per month. Saenz disputed this award and later settled with the Fund for a lump sum cash payment of $22,500. The Commission approved the settlement on March 16, 1994.
At the time, Saenz was $17,880.36 in arrears on his court-ordered child support obligation. The Attorney General's office consequently filed a request for an order of assignment to collect that amount from the $22,500 that the Fund owed Saenz. On March 25, 1994, the trial court issued a limited order of assignment directing the Fund to pay $17,880.35 to the Clerk of the Maricopa County Superior Court "no later than 10 days after this order becomes binding under A.R.S. § 12-2454."[2]
To comply with the order of assignment, the Fund issued a $17,880.35 check to the clerk and distributed the remaining funds to Saenz. On April 12, 1994, Saenz filed a request to stop the order of assignment. The court denied the request. Based on the Fund's failure to pay him the full settlement amount, Saenz filed this action against the Fund alleging bad faith and breach of contract, and seeking punitive damages. The trial court granted the Fund's motion for summary judgment, but denied its request for attorneys' fees. Saenz timely appealed, the Fund timely cross-appealed from the denial of attorneys' fees, and we have jurisdiction. See A.R.S. § 12-2101(B).

DISCUSSION
To grant a motion for summary judgment, the trial court must find that no genuine issue of material fact exists and that the moving party is entitled to judgment on the merits as a matter of law. Orme School v. Reeves, 166 Ariz. 301, 305, 802 P.2d 1000, 1004 (1990). We view the evidence in the light most favorable to the party against whom summary judgment was granted, and "we determine de novo whether there are any genuine issues of material fact and whether the trial court erred in its application of the law." Gonzalez v. Satrustegui, 178 Ariz. 92, 97, 870 P.2d 1188, 1193 (App. 1993). The interpretation of a statute is a question of law that we consider de novo. Barry v. Alberty, 173 Ariz. 387, 389, 843 P.2d 1279, 1281 (App.1992).

The Fund Properly Complied With the Order of Assignment
The trial court's order of assignment to the Fund provided:
TO: STATE COMPENSATION FUND
Holder of Benefits, Funds or Property Owed To: [Saenz]
YOUR [sic] ARE HEREBY ORDERED to send $17,880.36 of that entitlement to the MARICOPA COUNTY CLERK OF THE SUPERIOR COURT....

*834 You must send a certified check or money order for the above amount no later than 10 days after this order becomes binding under A.R.S. § 12-2454 [sic].
Saenz argues that under A.R.S. § 12-2454.01(F) the limited order of assignment did not become binding until thirty-one days after the Fund received it. He contends that the Fund improperly and in bad faith transferred funds to which he was entitled.
Section 12-2454.01 provides in part:
D. Following receipt of the petition or request, the clerk of the superior court, without notice to the person obligated to pay support or maintenance, shall order the person to make an assignment of a portion of the person's earnings, income, entitlements or other monies without regard to source as is sufficient to pay the amount ordered by the court to the person or agency entitled to receive the child support or spousal maintenance. The order shall operate as an assignment and is binding upon any existing or future employer or other payor of the person ordered to pay support or spousal maintenance upon whom a copy of the order is served....
....
F. An assignment order made pursuant to this section does not become binding until thirty-one days after service of a copy of this subsection and subsections G, H, J, K, N, O and P of this section and two copies of the petition or request, order and notice upon an employer or other payor.... The employer or other payor shall withhold the amount specified in the assignment from the earnings, income, entitlements or other monies payable to the person obligated to support and shall transmit such amount to the clerk of the superior court or support payment clearinghouse within ten days after the date the employee is paid.

(Emphases added). Saenz maintains that the first sentence of A.R.S. § 12-2451.01(F) precludes a payor from transmitting any funds until thirty-one days have elapsed. He asserts that the statute obligates the payor to pay the employee/obligor any amounts owed within thirty-one days, regardless of the existence of the order of assignment. Saenz's interpretation of A.R.S. § 12-2451.01(F) is flawed in several respects.
First, Saenz ignores A.R.S. § 12-2454.01(F)'s requirement that the payor withhold and transmit the amount specified in the order of assignment to the clerk of the court "within ten days after the date the employee is paid." Saenz's interpretation renders this language meaningless because under his approach the employee would be entitled to receive all funds paid during the thirty-one day period.
"When statutory language gives rise to different interpretations, as it does here, we will adopt the interpretation that is most harmonious with the statutory scheme and legislative purpose." State v. Pinto, 179 Ariz. 593, 596, 880 P.2d 1139, 1142 (App. 1994). In making such a decision, "we examine the policy behind the statute and the evil it seeks to remedy." Id. We will also "construe provisions of a statute to harmonize rather than contradict one another `if sound reasons and good conscience allow.'" Ban v. Quigley, 168 Ariz. 196, 198, 812 P.2d 1014, 1016 (App.1990) (quoting City of Mesa v. Salt River Project Agric. Improvement & Power Dist., 92 Ariz. 91, 98, 373 P.2d 722, 727 (1962)).
To give effect to A.R.S. § 12-2454.01(F)'s thirty-one day provision and its ten day provision, we conclude that upon receipt of an order of assignment, the payor must transmit the funds within ten days after the employee becomes entitled to payment. The language that provides that the order is binding after thirty-one days is intended as notice that the order may be challenged during those thirty-one days. This interpretation is supported by other language in A.R.S. § 12-2454.01.
The statute contemplates that the payor will transmit the funds within ten days of payment. The court then has discretion to order that the funds not be disbursed pending a challenge to the order of assignment. A.R.S. § 12-2454.01(I) ("If the motion or request and notice of hearing are filed with the court by the person alleged to be in arrears before the date the order of assignment becomes binding on the employer or other payor, the court in its discretion may order the *835 clerk of the court or support clearinghouse not to disburse any monies until after the hearing on the motion or request."). This leaves the court, not the payor, to determine whether a valid order of assignment exists. It also protects potentially-owed funds from being dissipated during that thirty-one day period. Cf. Jackson v. Phoenixflight Productions, Inc., 145 Ariz. 242, 246, 700 P.2d 1342, 1346 (1985) ("the effect of a writ of garnishment is to impound any asset or property of defendant which is found in the garnishee's hands pending resolution of the merits of the garnishor's claim"). Thus, Saenz's concern that the obligee will receive the funds and spend them despite the employee's challenge to the order of assignment is unfounded.
Saenz also argues that the notice provisions in A.R.S. § 12-2454.01(Q) support his position that the payor must wait thirty-one days before transmitting funds pursuant to an order of assignment. We disagree. A.R.S. § 12-2454.01(Q) sets out the form by which the clerk must notify an obligor of the order of assignment. This form merely restates the statutory time limits and the procedural rights of the obligor; it does not impact the substantive requirements of A.R.S § 12-2454.01(F).
Finally, orders of assignment are intended to provide a means for collecting support obligations owed by the obligor. See Argonaut Ins. Co. v. Lyons, 159 Ariz. 267, 270, 766 P.2d 619, 622 (App.1988). Saenz's reading of A.R.S. § 12-2454.01 would allow obligors to obtain any funds that are otherwise subject to assignment as long as they take possession of those funds within thirty-one days. Such an interpretation would undermine the statute's intent and lead to absurd results, and we therefore reject that approach. See, e.g., Mail Boxes, etc., U.S.A. v. Industrial Comm'n, 181 Ariz. 119, 121-22, 888 P.2d 777, 779-80 (1995) (primary rule of statutory construction is to give effect to legislative intent and courts will interpret statutes to fulfill the legislature's purpose and avoid senseless results).
We hold that A.R.S. § 12-2454.01(F) allows the payor to transmit funds to the clerk of the court during the thirty-one days before the order of assignment becomes binding. Thus, despite a settlement agreement to pay Saenz $22,500, the Fund properly transmitted a portion of those funds to the clerk during the thirty-one days before the order of assignment became binding. Accordingly, reasonable minds could not find that the Fund breached the settlement contract or acted in bad faith. Therefore, summary judgment was properly granted. See Argonaut, 159 Ariz. at 271, 766 P.2d at 623 (insurer's compliance with A.R.S. § 12-2454.01 does not violate duty of good faith and fair dealing towards insured). Because we hold that the Fund is not liable as a matter of law, we need not decide whether the Fund is immune from punitive damages under A.R.S. § 12-820.04.

Attorneys' Fees
In denying the Fund's request for attorneys' fees, the trial court concluded that Pettinato v. Industrial Comm'n, 144 Ariz. 501, 698 P.2d 746 (App.1984), precluded such an award. The trial court denied attorneys' fees in this case as a matter of law, and did not exercise its discretion under A.R.S. § 12-341.01. Therefore, we review this question of law de novo. See Kadish v. Arizona State Land Dep't, 177 Ariz. 322, 326, 868 P.2d 335, 339 (App.1993).
The Fund argues that it is entitled to attorneys' fees under A.R.S. § 12-341.01(A) because it was the successful party in an action arising out of contract. The Fund contends that this bad faith and breach of contract lawsuit arises out of both tort and contract.
In Sparks v. Republic Nat'l Life Ins. Co., 132 Ariz. 529, 544, 647 P.2d 1127, 1142, cert. denied, 459 U.S. 1070, 103 S.Ct. 490, 74 L.Ed.2d 632 (1982), our supreme court held that attorneys' fees are awardable under A.R.S. § 12-341.01 to the successful party in a bad faith action. Pettinato held that workers' compensation cases do not arise out of a contract for the purposes of A.R.S. § 12-341.01(A). 144 Ariz. at 503-04, 698 P.2d at 748-49. In Pettinato, the employee suffered an industrial injury and the Commission awarded monthly benefits. The employer and its carrier protested and requested a *836 hearing. After the hearing, the administrative law judge ("ALJ") denied the request, finding that the employer and carrier's position was baseless and frivolous. However, citing a lack of statutory authority, the ALJ denied the employee's request for attorneys' fees.
On appeal, we rejected the employee's claim that fees could be awarded under A.R.S. § 12-341.01(A) because the action arose out of the employment contract. Pettinato, 144 Ariz. at 504, 698 P.2d at 749. We concluded that workers' compensation "benefits are triggered by a work-related injury, not the underlying employment agreement[,]" and that Sparks did not control. Id.
Pettinato is distinguishable. The issue in Pettinato was the existence and extent of the work-related injury and the amount of the award. Here, Saenz raised claims of bad faith and breach of contract based on the Fund's alleged breach of the settlement agreement. The amount or appropriateness of the underlying workers' compensation benefits is a separate issue not before this court; nor are we asked to determine the extent or existence of an industrial injury. Thus, this action is not a true "workers' compensation proceeding." This case is similar to Sparks, a bad faith and breach of contract action against an insurer.
Accordingly, Pettinato does not apply and attorneys' fees are allowable under A.R.S. § 12-341.01(A) and Sparks. We therefore reverse the judgment denying the Fund's request for attorneys' fees and remand to the trial court for consideration of the Fund's application for attorneys' fees.

CONCLUSION
We affirm the trial court's entry of summary judgment in favor of the Fund, reverse its denial of the Fund's attorneys' fees, and remand for consideration of the Fund's attorneys' fees application.
GRANT, P.J., and TOCI, J., concur.
NOTES
[1] Now A.R.S. § 25-505(F) (Supp.1996), which now requires such funds to be transmitted within two days of payment.
[2] We note that although the order stated that it was issued pursuant to A.R.S. § 12-2454, the applicable statute is A.R.S. § 12-2454.01, which applies to ex parte orders of assignment. Both parties argued on the basis of that section. In any event, the result is the same because A.R.S. § 12-2454(G) also requires the employer or other payor to transmit funds to the clerk within ten days after payment.