960 P.2d 52

**Gary D. MACINTYRE, Petitioner,**

v.

**The INDUSTRIAL COMMISSION OF ARIZONA, Respondent,**

**Steve Labrie & Angie Labrie, d/b/a Sun Valley Car Carriers, Respondent Employer,**

**No Insurance/Special Fund, Respondent Party in Interest.**

**No. 1 CA–IC 97–0140.**

Court of Appeals of Arizona,
Division 1, Department B.

March 26, 1998.

Redesignated as Opinion and
Publication Ordered May 28, 1998.

Law Office of John F. Day, P.C. by John F. Day, Scottsdale, for Petitioner.

Anita R. Valainis, Chief Counsel, The Industrial Commission of Arizona, Phoenix, for Respondent.

Steve Labrie & Angie Labrie dba Sun Valley Car Carriers, Phoenix, Respondent Employer In Propria Persona.

The Industrial Commission of Arizona, No Insurance Section, Special Fund Division by Charles W. Ferris, Jr. and Laura L. McGrory, Phoenix, for Respondent Party in Interest.

## OPINION

### PER CURIAM.

¶ 1    Presiding Judge Susan A. Ehrlich, Judge Rudolph J. Gerber and Chief Judge Philip E. Toci have considered this special action review of an Arizona Industrial Commission ("Commission") award and decision upon review denying a claim against the Commission's No Insurance Section, Special Fund Division ("Special Fund") for costs and attorneys' fees that this court previously awarded against Respondent Employer ("La-

brie"). Because these costs and fees are not "compensation" that the Special Fund is obligated to pay under Arizona Revised Statutes Annotated ("A.R.S.") section 23–907(B) (Supp.1997), we affirm the award and decision upon review. We also exercise our discretion to deny sanctions for a frivolous appeal.

¶ 2    Petitioner    Employee    ("Claimant") filed a workers' compensation claim against Labrie. The Special Fund denied this claim. *See generally* A.R.S. § 23–907(B). Following hearings at which Claimant, Labrie, and the Special Fund were separately represented by counsel, an Administrative Law Judge ("ALJ") resolved credibility conflicts in Claimant's favor and found his claim compensable. Labrie requested review, and the ALJ affirmed the award.

¶ 3    Labrie then timely filed a special action petition. This petition identified the Special Fund as one of the respondents. The Special Fund filed a notice of appearance, *see generally* Arizona Rules of Procedure for Special Actions 10(f), but it did not file a brief. Labrie filed an opening brief, Claimant filed an answering brief, and Labrie's counsel notified the court that Labrie would not file a reply brief.

¶ 4    The court then issued its decision affirming the award and decision upon review. *See Labrie v. Industrial Comm'n*, 1 CA–IC 95–0129 (App. May 7, 1996) (memorandum decision). The court also granted Claimant's request for costs and attorneys' fees for a frivolous appeal under Rule 25, Arizona Rules of Civil Appellate Procedure. *Id.* slip op. at 7. The court subsequently issued an order awarding the requested amount of costs and attorneys' fees. Finally, the court issued a judgment against Labrie for Claimant's costs and attorneys' fees.

¶ 5    Claimant then filed a request for investigation, *see generally* A.R.S. section 23–1061(J) (1995), claiming that the Special Fund was obligated to pay Claimant's costs and attorneys' fees previously awarded against Labrie. Another ALJ subsequently scheduled a hearing, but Claimant and the Special Fund agreed to submit memoranda in lieu of a hearing. Claimant and the Special Fund then submitted memoranda.

¶ 6 The ALJ then issued an award denying Claimant's claim against the Special Fund for costs and attorneys' fees. Although Division Two had recently held the Special Fund liable to pay a "benefit penalty" imposed against an uninsured employer under A.R.S. section 23–930(B) (1995), *see No Ins. Section/Special Fund Division v. Industrial Comm'n,* 187 Ariz. 131, 132–33, 927 P.2d 791, 792–93 (App.1996) (Ehrlich, J., dissenting), the ALJ distinguished Claimant's claim because costs and attorneys' fees for a frivolous appeal were not "compensation" that the Special Fund was obligated to pay under A.R.S. section 23–907(B).

¶ 7 The ALJ affirmed this award on administrative review. Claimant then brought this special action. The court has jurisdiction under A.R.S. sections 12–120.21(A)(2) (1992) and 23–951(A) (1995).

¶ 8 On review, Claimant again relies on *No Ins. Section* to argue that the Special Fund was obligated to pay the judgment for Claimant's costs and attorneys' fees. Because the ALJ correctly distinguished a benefit penalty under A.R.S. section 23–930(B) from costs and attorneys' fees for a frivolous appeal, we disagree.

¶ 9 An employee of an uninsured employer may pursue a civil action against the employer *or* file a workers' compensation claim. *See* A.R.S. § 23–907(A),(B). If an employee files a compensation claim, it is to be processed as any other claim. *See* A.R.S. § 23–907(B). Once an award for workers' compensation becomes final, the Commission must pay the employee his or her benefits from the fund established by A.R.S. section 23–1065 (Supp.1997). *See id.* The uninsured employer is liable to repay this fund upon receiving notice of the amount of the compensation payments and statutory penalty, and the payments from the special fund "act as a judgment against" the uninsured employer. *See* A.R.S. § 23–907(C).

¶ 10 In *No Ins. Section,* the claimant was awarded a benefit penalty under section 23–930(B) against an uninsured employer.[1] The claimant then claimed that the Special Fund

was obligated to pay this benefit penalty. *See No Ins. Section,* 187 Ariz. at 131, 927 P.2d at 792. Division Two agreed, defining a benefit penalty as "compensation" within the meaning of the Workers' Compensation Act. Consequently, because section 23–907(B) requires the Special Fund to pay compensation benefits, the Special Fund was obligated to pay the benefit penalty. *Id.* at 132–33, 927 P.2d at 793–94.

¶ 11 In contrast to a benefit penalty awarded under A.R.S. section 23–930(B), a Rule 25 sanction is not a benefit provided under the Workers' Compensation Act and therefore is not compensation within that Act. *See* A.R.S. § 23–901(4) (1995) (defining "compensation" as "the compensation and benefits provided by this chapter"). Furthermore, the Workers' Compensation Act does not authorize an award of costs or attorneys' fees. *See Pettinato v. Industrial Comm'n,* 144 Ariz. 501, 503–04, 698 P.2d 746, 748–49 (App.1984). *No Ins. Section* therefore does not support Claimant's claim that the Special Fund is obligated to pay the judgment for costs and attorneys' fees.

¶ 12 Claimant alternatively argues that statutory authority is unnecessary to support his claim against the Special Fund, citing *Clark Equipment Co. v. Arizona Property & Cas. Ins. Guar. Fund,* 189 Ariz. 433, 943 P.2d 793 (App.1997) (Noyes, J., dissenting in part). *Clark* does not support Claimant's argument. In that case, statutory authority, A.R.S. section 12–341.01(A) (1992), supported the award of attorneys' fees against the Guaranty Fund because the claim arose out of an insurance contract. *Id.* at 445, 943 P.2d at 805. This court rejected the Guaranty Fund's argument that additional specific statutory authority was necessary to apply section 12–341.01(A) to the Guaranty Fund. *Id.* at 445–47, 943 P.2d at 805–07; *see also Saenz v. State Fund Workers' Compensation Ins.,* 189 Ariz. 471, 475–76, 943 P.2d 831, 835–36 (App.1997) (applying section 12–341.01(A) to action for breach of settlement agreement).

---

1. Section 23–930(B) provides that the Commission shall award the claimant a benefit penalty if the Commission "finds that unfair claim processing or bad faith has occurred in the handling of a particular claim."

¶ 13   The current case, in contrast to *Clark,* involves a judgment against Labrie for Claimant's costs and attorneys' fees.   Absent statutory authority requiring the Special Fund to pay this judgment, Claimant has no claim against the Special Fund.

¶ 14   For these reasons, we affirm the award and decision upon review.   We also deny the Special Fund's request for sanctions under Rule 25.