JESSIE HILMANTEL, Plaintiff, *v.* MAX HILMANTEL, Defendant.

Supreme Court, Bronx County, October 25, 1935.

*John J. Bennett, Jr., Attorney-General,* for the Industrial Commissioner.

*William Lambert,* for the plaintiff.

*Felner, Rosener & Mitnick,* for the defendant.

McGEEHAN, J.   The court was dealing with an unusual situation when it made its order appointing a receiver for one-half of the income, profits, etc., of the defendant.   Unfortunately, the defendant is blind and is the recipient of twenty-four dollars per week under a workmen's compensation award.   But the wife of the defendant is destitute and in need of financial assistance.   The defendant seeks everything for himself and to ignore his duty to his wife, even though that duty has already been adjudicated at the time when alimony was fixed.   When the defendant failed to comply with the court's order, the court, reluctant to punish the defendant as for a contempt, and realizing that to appoint a receiver for the defendant's property *in toto* would work a severe hardship, took a course midway between the extremes and appointed a receiver of one-half of the defendant's income, profits, etc., from which the plaintiff was to receive the assistance she required.   Now the

defendant claims that no part of his award under the workmen's compensation can be taken from him and moves this court to alter its original order. This the court refuses to do. Even under the present liberal statutes the unity of the marriage relation has never been so completely shattered that, under circumstances such as these, payment to the defendant or for the use of his wife, " who is, in law, but a part of himself and entitled with him " to share in the award (*Zwingman* v. *Zwingman*, 150 App. Div. 358), can be considered as improper or illegal. The wording of section 33 of the Workmen's Compensation Law reads: " Compensation and benefits shall be paid only to employees *or their dependents.*" While these awards are exempt from execution by a creditor, they are not beyond the reach of his wife in a proper case and in a proper proportion. The court feels that in this case the wife should receive one-half of the award until such time as that arrangement is inequitable, but at the present time the law certainly does not contemplate that the defendant receive twenty-four dollars a week and in the face of a court order to provide for his wife, can successfully claim exemption upon this alleged, but thoughtfully prepared, technicality.

To hold otherwise would mean that the taxpayers would eventually be obliged to support the wife as a public charge while the defendant receives twenty-four dollars per week for his sole and exclusive use, no part of which his wife can touch. Motion is, therefore, denied.