204 P.2d 849

INDUSTRIAL COMMISSION v. ODEN
et al.

No. 5193.

Supreme Court of Arizona.
April 4, 1949.

H. S. McCluskey, of Phoenix (Robert E. Yount, of Phoenix and Donald J. Morgan, of Prescott, of counsel), for appellant.

Stanley W. Kimble, of Tucson, for appellee Merle Oden.

PHELPS, Justice.

The facts in this case are that appellees, Merle Oden and Louis D. Oden, were husband and wife and were the parents of Charles and William Oden; that in November, 1946, Merle Oden obtained a divorce from her husband and was awarded the custody of the above named minor children. The decree of divorce required that the said Louis D. Oden pay to Merle Oden the sum of $30 each per month for the support of said minor children until they reached the age of majority. That at the time the instant proceedings were instituted on September 23, 1948, Charles and William Oden were 16 and 13 years of age respectively and that up to September 1, 1948, Louis D. Oden had paid the sum of $440 only to Merle Oden for the support of said minor children and the sum of $1320 had accrued to that date thus making a balance then in arrears of $880.

Louis D. Oden was injured on March 25, 1944, while employed by Wm. Fitchett (Arizona Glass & Mirror Company) whose business was located in Arizona. He made application to The Industrial Commission of Arizona for compensation for said injury under the provisions of the Workmen's Compensation Act and thereafter on May 27, 1948, the Commission made its findings and entered a final award providing for the payment of the sum of $4117.60, compensation for temporary disability from March 26, 1944, through October 2, 1945, and from November 2, 1945, through September 28, 1947, plus the sum of $120.25 monthly for permanent partial disability for a period of 30 months dating from June 21, 1948, and for accident benefits.

On September 23, 1948, Merle Oden instituted these proceedings in the original divorce action by filing an affidavit and motion for an order to show cause, why the said Louis D. Oden should not be required to make payment of said support money for the minor children of appellees in accordance with the provisions of said divorce decree, and asked that the Commission be brought in as a party defendant and that it be required to show cause why it should not be ordered to pay to appellee Merle Oden the amount then in arrears under the provisions of said divorce decree and the further sum of $60 per month for the future support of said minors out of the $120.25 monthly award made by the Commission to the said Louis D. Oden, until the expiration of 30 months from June 21, 1948. The trial court granted said motion and ordered the Commission to appear and show cause why it should not be required to make said payments direct to petitioner for support of said minor children.

Appellee Louis D. Oden filed no response to said order to show cause but appellant Commission filed its response setting up the following defenses:

1. That under the provisions of section 56-962, A.C.A.1939, the award is exempt from attachment, garnishment and execution.

2. That under the provisions of section 56-916, A.C.A.1939, the trial court was without jurisdiction in the premises.

3. That no motion for a rehearing was filed and no appeal was taken from its award of September 23, 1948.

The trial court found the issues in favor of Merle Oden and made findings of facts and conclusions of law which are a part of the record. The court found as a conclusion of law that it had equity powers to direct and order the payment of all or portions of the Commission's award as they became due, to the said Merle Oden and to authorize and allow the Commission the same credit as if said payments had been made to Louis D. Oden, and that Merle Oden was equitably entitled to an order of the court directing the Commission to make payments in accordance with such order. It thereupon ordered that the Commission be joined as an additional party defendant in the action and further ordered it to make payments in accordance with the prayer of the petition, directing that due credit be allowed the Commission and Louis D. Oden for payments made in accordance with said order.

The Industrial Commission has appealed from the order and judgment of said court and has presented two assignments of error.

1. "The court erred in entering its order to show cause, dated the 1st day of October, 1948.

2. "The court erred in entering its Order making the Commission a Party defendant and directing the Industrial Com-

mission to pay any part of the Award in Case No. KK-3153 to Merle Oden or to any one else."

The Commission proceeds to discuss these assignments under six separate propositions of law, as follows:

1. "In all matters relating to awards of workmen's compensation, the Superior Court of the State of Arizona is without jurisdiction.

2. "In all matters relating to awards of compensation the sole jurisdiction of the courts is limited to the rights of review by the Supreme Court as limited by section 56–972, A.C.A.1939.

3. "Awards of compensation are not subject to attachment, garnishment, execution, and are not subject to the equitable control of the Superior Court.

4. "Appellee has an adequate remedy at law to enforce its judgment against defendant in his present state of residence.

5. "The appellee and the State of Arizona have an ample remedy at law to vindicate the judgment of the court by securing the extradition of the defendant Oden, and the exercise of the coercive power of the court to enforce its decree.

6. "Article 8, Chapter 27, confers no jurisdiction upon the Superior Court to enter the Order in issue."

This question is one of first impression in this state but the court is not entirely without precedent to aid it in reaching a proper conclusion. The Commission's propositions of law Nos. 1 and 2 appear to be wholly foreign to the issues presented.

We are not dealing here with awards of the Commission except as they are incidental to the enforcement of the decree of divorce between the parties. As very aptly stated by Merle Oden in her brief, no attempt is being made to impeach the award, but the entire proceeding is predicated upon the proposition that said award is in all respects valid.

Merle Oden has simply invoked the equity jurisdiction of the Superior Court to impress said award with the legal and moral obligation of the appellee Louis D. Oden to support his minor children. We agree with appellant that awards of compensation are not subject to attachment, garnishment or execution. That is stated in clear and unambiguous language in section 56-962, supra.

Attachment only issues under the provisions of section 25-102, A.C.A.1939, upon a showing by affidavit that defendant is indebted to plaintiff on a contract expressed or implied for the direct payment of money. Under the provisions of section 25-201, A.C.A.1939, garnishment will issue only where plaintiff sues for debt and makes affidavit that such debt is due and unpaid. An execution only issues upon a judgment based upon an indebtedness fixed by a judgment of the court.

The obligation of appellee Louis D. Oden does not arise out of any kind of a

business transaction. It is not founded upon contract, expressed or implied, but on the natural and legal duty of a father to support his minor children. The decree of divorce in this case did not create the obligation of Oden to pay for the support of his minor children. It merely fixed the measure of his duty. Audubon v. Shufeldt, 181 U.S. 575, 21 S.Ct. 735, 45 L.Ed. 1009. Citing cases.

The legal duty to support said minor children existed before the decree was entered and it now exists independent of said decree or any provision thereof. Barrett v. Barrett, 44 Ariz. 509, 39 P.2d 621. It is a duty in which the public has a very vital interest arising out of the relation of parent and child existing between Louis D. Oden and his minor children. The legal duty of a father to support his minor children exists even independently of our state statute. It existed under the common law which has not been abrogated in this state.

In addition to the common law liability of a parent to support his minor children it is the declared policy of Arizona that parents shall support their minor children. Section 27-401 and section 43-201, A.C.A. 1939.

This court held in the case of Adair v. Superior Court, 44 Ariz. 139, 33 P.2d 995, 94 A.L.R. 328, that installments of alimony become vested the moment they become due and the court has no power to retroactively modify the decree. An award in a decree for the support of minor children falls within the same category as alimony. It will be seen therefore that after the due date of an installment of alimony or for the support of minor children that such installment assumes the character of a debt. Installments not due possess none of such characteristics.

While there are but few cases on this point it would seem logical that installments due under the decree would then be subject to the process of garnishment, attachment or execution but such process should not issue until notice and hearing and the amount in arrears is ascertained. We have not passed upon the question and are not called upon to do so here, inasmuch as this is an action in equity.

Even however if it were the established law in this state that such processes were available to one entitled to past due alimony or support for minor children, under our laws an award of the Commission for compensation is exempt from any of the above legal processes. Merle Oden therefore having no speedy and adequate remedy at law to enforce the provisions of said divorce decree for the support of said minor children, invoked the equitable jurisdiction of the trial court which she clearly had a right to do. Under no other course would she be able to impress the installments that were undue with the obligation of appellee Louis D. Oden to support his minor children, thus requiring a multiplicity of actions. Equitable rather than legal remedies are properly employed

in the enforcement of divorce decrees. In fact it is the usual course of procedure.

■ It is the declared policy of Arizona under the provisions of the Workmen's Compensation Act that the compensation fund available to protect those who are covered by it shall assume the burdens (which before the enactment of that law fell entirely upon the employee) by requiring an employer to carry insurance for the protection of an employee who is injured by accident arising out of and in the course of his employment. The law is designed to make said compensation adequate at least to afford some degree of security to such employee and those dependent upon him during the period of his disability. Certainly it was not the intent of the legislature to provide security for the injured person only, wholly disregarding the common necessities of the members of his family. Such a policy would be in direct conflict with another declared policy of the state hereinabove mentioned that a parent shall support his minor children or his wife as the case may be.

The Commission made the following finding of facts in fixing its award:

"3. That said appellant had persons dependent upon him for support at time of said injury."
thus indicating that it then considered the said award to be for the benefit of the applicant and his family.

In the case of Zwingmann v. Zwingmann, 150 App.Div. 358, 134 N.Y.S. 1077, 1078, Supreme Court, Appellate Division, authority is found for the action of the trial court in this case. In that case a judgment of separation was awarded to the wife which provided for the payment of $26 per month until the sum of $312 had been paid. The defendant was a retired policeman drawing a pension under the laws of the state of New York. After the entry of judgment of separation, he removed to the state of New Jersey and declined to make any further payment under said judgment. The wife instituted an action to have the husband's property sequestered for the payment of the alimony and to require the proper officials of the city of New York to pay to plaintiff on the first of each month out of the pension money due defendant the sum of $26 per month as provided in the judgment. The court granted the motion and entered the order requiring the payment of such amount to be made out of said pension fund. The defendant contended that the order of the court was made in disregard of the provisions of section 352 of the charter of the city of New York, Laws 1901, c. 466, which provides that the " 'moneys, securities and effects of the police pension fund, and all pensions granted and payable from said fund shall be and are exempt from execution and from all process and proceedings to enjoin and recover the same by or on behalf of any creditor or person

having or asserting any claims against, or debt or liability of, any pensioner of said fund.' "

We quote with approval the language of the court in that case:

"* * * it is contended in behalf of the defendant, who has removed from the state for the purpose of defeating a judgment rendered against him, that his property in this pension fund is exempt from the duty he owes to the state to support and maintain his wife; that notwithstanding the legal oneness of the man and wife, which in this respect has not been changed by statute from the common-law rule, the defendant is entitled to be supported and sustained out of a trust fund created under the laws of this state, while his wife goes hungry. We do not believe the Legislature, in creating the police pension fund and exempting it from execution and other processes, ever intended that this exemption should be construed to deprive the wife of her legal and moral right to the support of her husband. The whole purpose of the statute is served when the fund is preserved for the use of the pensioner and those legally dependent upon him for support and maintenance—when it is held intact for the care of the woman who is, in law, but a part of himself, and entitled, with him, to share in the pension. This is in strict analogy with the doctrine of Wetmore v. Wetmore, 149 N.Y. 520, 528, 529; 44 N.E. 169, 33 L.R.A. 708, 52 Am.St.Rep. 752; and this court should not be astute in discovering a way to relieve the defendant of his obligations, voluntarily assumed, because of any strict construction of the language of an act which was designed to give protection to the faithful servants of the public and those dependent upon them."

Again in the case of Hilmantel v. Hilmantel, 157 Misc. 649, 282 N.Y.S. 918, 919, a wife who had been awarded alimony sought to subject a workman's compensation award in favor of her husband to the payment of said alimony. The husband claimed that under the provisions of the Workmen's Compensation Law said award could not be subjected to the payment of alimony. The law, in so far, as it is pertinent, being section 33, McKinney's Consol.Laws, reads as follows:

"Assignments; exemptions. Compensation or benefits due under this chapter shall not be assigned, released or commuted except as provided by this chapter, and shall be exempt from all claims of creditors and from levy, execution and attachment or other remedy for recovery or collection of a debt, which exemption may not be waived. Compensation and benefits shall be paid only to employees or their dependents * * *."

The court had this to say with respect to the above defense:

"* * * While these awards are exempt from execution by a creditor, they are not beyond the reach of his wife in a prop-

er case and in a proper proportion. The court feels that in this case the wife should receive one-half of the award until such time as that arrangement is inequitable; but at the present time the law certainly does not contemplate that the defendant receive $24 a week, and, in the face of a court order to provide for his wife, can successfully claim exemption upon this alleged, but thoughtfully prepared, technicality."

Appellee Louis D. Oden owes a duty to the State of Arizona as well as to his children to support them. For the state therefore to have in its possession trust funds belonging to Louis D. Oden, awarded to him for his benefit and the benefit of those dependent upon him during the period of his disability to permit said funds to be appropriated exclusively to the use and benefit of Louis D. Oden in utter disregard of his duty to his minor children would not only constitute a great injustice to said children but would violate the declared policy of this state that a parent shall support his children during the period of their minority.

The affidavit and petition in this case allege that Louis D. Oden is gainfully employed; that he received compensation for the injuries he sustained in the sum of $4117.60. These allegations were not denied and must be deemed to be true. In addition thereto the court found that there had been paid to him five installments of $120.25 each and that he is and has been for some time a non-resident of this state and that he has been for several months gainfully employed in El Paso, Texas. As was said in the case of Zwingmann v. Zwingmann, supra, we do not feel that, under the circumstances, this court should be astute in discovering a way to relieve Louis D. Oden of his natural and legal obligations. The fact that in the Zwingmann case the court had reference to the payment of alimony to a wife does not make that situation different from this except that perhaps there is even a greater duty devolving upon a parent to support his infant children who are unable to support themselves than there is to support the wife.

We hold therefore that the trial court in ordering the sums to be paid to Merle Oden out of the award made by the Commission for the support of the minor children of Louis D. Oden, was acting entirely within its powers in the exercise of its equity jurisdiction. There is no requirement under the law that the Superior Courts of this state shall require the impossible of a party litigant, as suggested by appellant in its propositions of law Nos. 4 and 5, as a condition precedent to the exercise of its equity powers nor is the Industrial Commission beyond the reach of said court. The Workmen's Compensation Act itself provides in section 56-904, A.C.A. 1939, that the Commission may sue and be sued. The results here reached should impose no great additional burdens upon the Commission in the discharge of its duties,

242

It is therefore ordered that the judgment of the lower court be

Affirmed.

UDALL, STANFORD and DECONCINI, JJ., concurring.

NOTE: Due to illness, the CHIEF JUSTICE did not participate in determining this appeal.