660 P.2d 1253

Mary Ellen BAGALINI,
Plaintiff/Appellee,

v.

ARIZONA DEPARTMENT OF
ECONOMIC SECURITY,
Defendant/Appellant.

No. 2 CA–CIV 4535.

Court of Appeals of Arizona,
Division 2.

Feb. 8, 1983.

Stephen D. Neely, Pima County Atty. by William F. Mills, Deputy Co. Atty., Tucson, for plaintiff/appellee.

Robert K. Corbin, Atty. Gen. by Jay W. McEwen, Asst. Atty. Gen., Tucson, for defendant/appellant.

## OPINION

HOWARD, Chief Judge.

The main issue is whether unemployment compensation benefits were subject to a court-ordered assignment. We agree with the trial court that they were.

Mr. and Mrs. Bagalini were divorced in 1973. The decree provided that Mr. Bagalini pay appellee $150 per month as child support. By 1977, a judgment for arrearages of $4,175 was entered. The parties stipulated to Mr. Bagalini making an assignment of wages, pursuant to A.R.S. § 25–323, as to both the $150 per month and a $50 per month arrearage payment, so that a total of $200 per month would be paid by his employer directly to appellee. The stipulation was approved in open court on April 26, 1978.

On June 1, 1981, appellee again sought enforcement of the child support payments and requested a wage assignment pursuant to A.R.S. § 12–2454. A judgment was entered on September 11 in favor of appellee against Mr. Bagalini for the total sum of $6,129 (arrearages less credit through July 1981). The court further ordered a wage assignment against Mr. Bagalini's present and future employers requiring a deduction of $201 per month. ($150 for current support and $50 to be credited on arrearages plus a $1 fee.)

On October 7, 1981, a copy of the September 11 order for wage assignment was sent by certified mail to the officials authorized to receive service of process for the unemployment compensation division. On October 26, counsel for the unemployment compensation office advised appellee's attorney that since unemployment compensation did not come from the employer, the September 11 order should be amended to include the rest of the applicable language in A.R.S. § 12–2454(B), i.e. "or other payor of funds." An order was entered by the court on October 29 amending the September 11 order nunc pro tunc to include this language. Receipt of the October 29 amended order was acknowledged by telephone call on November 20 by appellant's counsel.

On February 2, 1982, appellee filed a petition alleging the foregoing facts and requesting that the unemployment compensation division be required to show cause why it should not be found in contempt of the September 11, 1981, order and why it should not be required to pay to the clerk of the superior court for the benefit of appellee those deductions that should have been made, namely $201 for December 1981 and $201 for January 1982, totaling $402. The state responded and challenged the sufficiency of notice and whether unemployment compensation benefits can be subject to wage assignment.

Mr. Bagalini did not appear at the show cause hearing. The court ordered the unemployment compensation division to comply with the court order of September 11, 1981, that it pay $402 to appellee for the deductions which should have been made for the months of December 1981 and January 1982, in addition to current payments, and that it continue such payments until further order of the court or until Mr. Bagalini had exhausted or was terminated from benefits.

Appellant filed a motion to amend the judgment or for a new trial on the grounds that (1) newly discovered evidence indicated that Mr. Bagalini had not been receiving his maximum benefits for the entire period covered by the order of the court, and (2) the arrearages involved a debt not incurred during a period of unemployment. It was pointed out to the court that the total benefit payment to Mr. Bagalini for December 1981 was $36 and for January 1982 was $190, and therefore the court-ordered amounts for those two months violated A.R.S. § 33–1131(C). It was also asserted that the sole liability might be for 50 per cent of any payments made to Mr. Bagalini up to $150 in any calendar month. The trial court denied appellant's motion for an amended judgment and for new trial but did amend its order to provide:

"[H]enceforth the Arizona Unemployment Compensation Division is to pay to the Plaintiff the sum of $201.00 per month, as previously ordered, or 50% of

any sum that Arizona Employment Compensation Division owes to the Defendant in any given month."

■ We do not agree with appellant that Mr. Bagalini's unemployment compensation benefits were not reachable to satisfy child support obligations. A.R.S. § 23–783, which deals with unemployment benefits, at the time of these proceedings, provided:

"No assignment, pledge or encumbrance of the right to benefits which are or may become due or payable under this chapter shall be valid; and the rights to benefits shall be exempt from levy, execution, attachment or any other remedy provided for the collection of debts. Benefits received by an individual, so long as they are not commingled with other funds of the recipient, shall be exempt from any remedy for the collection of all debts except debts incurred for necessaries furnished to the individual or his spouse or dependents during the time when the individual was unemployed. No waiver of an exemption provided for in this section shall be valid." [1]

We agree with appellee that the rationale of *Industrial Commission v. Oden,* 68 Ariz. 234, 204 P.2d 849 (1949) applies here. In *Oden,* our supreme court held that a divorced mother who has no remedy at law to enforce the provisions of a divorce decree for child support could invoke the equitable jurisdiction of the court to impress a workmen's compensation award with the father's obligation to support his minor children. Just as with unemployment compensation benefits, workmen's compensation awards were not subject to attachment, garnishments or executions. The court stated:

"The obligation of appellee Louis D. Oden does not arise out of any kind of a business transaction. It is not founded upon contract, expressed or implied, but on the natural and legal duty of a father to support in this case did not create the obligation of Oden to pay for the support of his minor children. It merely fixed the measures of his duty." [citation omitted] 68 Ariz. at 238, 204 P.2d 849.

■ It is generally held that statutes exempting property from legal process in the enforcement of a claim against a husband or father are not applicable to a claim for alimony or support. *Meadows v. Meadows,* 619 P.2d 598 (Okl.1980); *State v. Reed,* 5 Conn.Cir. 69, 241 A.2d 875 (1967); 24 Am. Jur.2d Divorce and Separation § 721 (1966). See also Annot. 31 A.L.R.2d 532 (1924). The usual rationale is that such claims are not true debts. The wife and children are not creditors in the ordinary sense, but are in fact persons meant to be benefited as much as is the recipient himself. We find no merit in appellant's argument that only future support payments can be paid. Arrearages may be chargeable against such benefits, *Industrial Commission v. Oden,* supra, provided the total does not exceed one-half. A.R.S. § 12–2454(A). Since statutes exempting property from legal process in the enforcement of a claim for debt, or debt arising from a contractual are not applicable against a claim for alimony or support, *Bickel v. Bickel,* 17 Ariz.App. 29, 495 P.2d 154 (1972), up to one-half of Mr. Bagalini's unemployment benefits were not exempt.

■ Appellant also attacked the sufficiency of the notice of assignment. Appellee's petition for a wage assignment and order to show cause were served on her ex-husband's employer. Therefore the validity of the assignment as to appellant is governed by A.R.S. § 12–2454(F):

"An order of assignment under this section shall be binding upon future employers and other future payors as an assignment by operation of law, fourteen days after a certified copy of the assignment order is served on such employer or other payor in the manner set forth in subsection B of this section. Such employer or other payor shall have an opportunity for a hearing by order to show cause proceedings if desired. The filing of a petition for order to show cause by such an employer or payor shall stay the

---

1. The 1982 legislature subsequently enacted subsection B to this statute, exempting actions to recover child support obligations from the prohibitions of the preceding section.

effects of the order of assignment pending a hearing."

Service of the September 11, 1981, wage assignment was complete on October 13, 1981. A copy of the amended order of October 29, 1981, was mailed by regular mail on November 13, 1981, and receipt of such order was acknowledged on November 20 by appellant's counsel. It is not contended that entry of judgment nunc pro tunc was invalid. See Rule 58(a), Arizona Rules of Civil Procedure, 16 A.R.S. Service of the amended order on appellant's attorney was complete when mailed. Rule 5(c), Arizona Rules of Civil Procedure, 16 A.R.S., as amended. Appellant did not avail itself of the opportunity for a show cause hearing. The order of assignment was therefore binding on appellant by operation of law 14 days after it was mailed on November 13.

■ However, an assignment order under A.R.S. § 12–2454 is void to the extent it may purport to reach any amounts exempted under A.R.S. § 33–1131. Therefore, if as appellant contends, Mr. Bagalini was not entitled to receive the maximum benefit of $95 weekly, that portion of the order requiring appellant to pay any sums in excess of one-half of the benefits for the months of December and January is void. The trial court recognized in its amended order that any sum paid by the unemployment compensation division to appellee could not exceed 50 per cent of any sum it owed to Mr. Bagalini in any given month. The amended order should have contained language which placed the 50 per cent limitation on all payments, commencing in December 1981. The trial court is directed to substitute the following amended order:

> "The Arizona Unemployment Compensation Division is to pay to the Plaintiff the sum of $201 per month, as previously ordered, not to exceed 50 per cent of any sum that it owes to the Defendant in any given month, commencing with December 1981."

As modified, we affirm.

HATHAWAY and BIRDSALL, JJ., concur.