839 P.2d 1111

**In re the Marriage of Lois M. BROOKS, n/k/a Schneider, Petitioner–Appellee,**

**Donald R. Brooks, Respondent–Appellee,**

v.

**CONSOLIDATED FREIGHTWAYS CORPORATION OF DELAWARE, a Delaware corporation, Co–Respondent–Appellant.**

No. 1 CA–CV 90–628.

Court of Appeals of Arizona, Division 1, Department B.

Sept. 17, 1992.

**68**

O'Connor, Cavanagh, Anderson, West-over, Killingsworth & Beshears, P.A. by Larry L. Smith, Lawrence H. Lieberman, Phoenix, for co-respondent-appellant.

Aspey, Watkins & Diesel by Harold L. Watkins, Jane A. Juarez, Flagstaff, for petitioner-appellee.

## OPINION

LANKFORD, Judge.

Consolidated Freightways ("Freightways") appeals from a judgment denying it relief under Arizona Rules of Civil Procedure 60(c) from an order of assignment that required Freightways to pay fifty percent of respondent-appellee's ("Husband's") workers' compensation benefits to petitioner-appellee ("Wife"). The central issue presented is whether workers' compensation disability benefits are exempt from assignment under Ariz.Rev.Stat.Ann. § 23–1068(B) (1983). We hold that where the assignment of benefits is to satisfy Husband's obligation under a dissolution decree to pay Wife a lump sum settlement on a monthly basis, the order of assignment is valid. We therefore affirm the

judgment denying Freightways relief under Rule 60(c).

## I.

Two parallel proceedings are involved in this matter. The procedural history of this case reflects Wife's attempt to enforce, through post-divorce proceedings beginning in January 1986, the provision in the divorce decree awarding her a "lump sum settlement" to be paid in monthly installments. Wife obtained several orders directing Husband to make the prescribed monthly payments. However, after Husband consistently violated these orders, Wife sought an assignment of Husband's wages for the purpose of satisfying the obligation. After Husband's work injury and disability, Wife obtained from the court an assignment of fifty percent of Husband's workers' compensation disability benefits.

Husband's employer (Freightways) initially complied with the order of assignment to Wife but discontinued payments after Husband successfully challenged the assignment before the Industrial Commission. Freightways chose to comply with the directive of the Industrial Commission rather than the superior court's assignment order.

In this appeal, Freightways seeks relief from the superior court's finding that held it in contempt and from the superior court's refusal to vacate the order of assignment. Its defense on the merits is that the order of assignment of the disability benefits was invalid because the workers' compensation laws protect such benefits from assignment to satisfy property settlements, and that this lump sum settlement is a property settlement.

## II.

Wife petitioned to dissolve her marriage with Husband in 1984. Her petition requested spousal maintenance; Husband's response resisted this request. In April 1985, the marriage was dissolved.

The decree recites that the court provided for "spousal maintenance, division of community property, apportionment of community debts and payment of attorney's fees." The decree specifically divided the parties' property, allocated their debts, and required each to pay her or his own costs and fees. In addition, the decree required Husband to pay Wife "as and for a lump sum settlement the sum of Nineteen Thousand Two Hundred ($19,200.00) Dollars, payable at Four Hundred ($400.00) Dollars per month, with no interest." The decree does not reveal whether this lump sum settlement was for spousal maintenance or was a division of property and thus creates an ambiguity that in part is responsible for this litigation.

Husband failed to make the mandated monthly payments. Wife filed a petition for a show cause order. The superior court issued an order requiring Husband to pay the arrearage and rescheduling a monthly payment of $500.00.

Husband failed to comply with this order as well. Husband also petitioned to modify his obligation to pay what he characterized as spousal maintenance. This petition was denied.

In October 1987, Husband suffered an industrial injury while working for Freightways. Freightways, a self-insured employer for workers' compensation, has paid Husband monthly workers' compensation disability benefits since this injury.

In April 1988, Wife filed in superior court a request for assignment of workers' compensation disability benefits and identified Freightways as payor. The superior court issued an order of assignment of $400.00 a month and directed payment to the Yavapai County Superior Court. The court subsequently issued a judgment and an order of assignment to Freightways for "the highest amount of non-exempt earnings...."

Wife's attorney then submitted to the court a second order of assignment of fifty percent of Husband's workers' compensation disability benefits. The order directed payment to the Yavapai County Courthouse, Child Support Division. On July 21, 1988, the court signed this second order of assignment; this order of assignment is

one of the orders from which Freightways appeals.

Freightways initially complied with the assignment and allegedly paid some $6,250 to the Yavapai County Court over the next fifteen months. During this period, Husband's attorney questioned the Industrial Commission about the assignment. Commission personnel contacted Freightways and were told that the assignment was for child support. Husband's attorney then documented that the assignment was not for child support and demanded termination of an improper assignment.[1] Commission personnel subsequently directed Freightways to discontinue the assignment, and Freightways followed this directive.

In January 1990, the second set of proceedings began. Husband challenged the assignment of his compensation benefits for spousal maintenance before the Industrial Commission. The Administrative Law Judge ("ALJ") subsequently issued an award granting Husband relief. The basis for the award was that workers' compensation disability benefits are fully exempt from assignment under A.R.S. § 23–1068(B) unless the assignment is for child support, that the assignment in this case was solely for spousal maintenance, and therefore that the July 1988 order of assignment "is barred by A.R.S. § 23–1068 B...." The ALJ ordered Freightways to resume paying workers' compensation to Husband and also to repay Husband the disability benefits that it had diverted from him to Wife.

Freightways requested review of the Industrial Commission award. It agreed that A.R.S. § 23–1068(B) barred the assignment but argued that the ALJ had exceeded his authority by ordering Freightways to repay Husband for disability benefits it had paid for his benefit to Wife under an apparently valid superior court order of assignment. The ALJ summarily affirmed the award, and Freightways requested appellate review.

Also in January 1990, Wife sent Freightways a letter demanding reinstatement of the assignment. When Freightways did not reinstate payments, Wife filed a petition in superior court for an order to show cause to enforce the July 1988 order of assignment. Husband was a respondent and Freightways a co-respondent, and both were served with the order to show cause.

Three weeks after the Industrial Commission hearing in which the ALJ found Husband's benefits not subject to assignment, the superior court issued an order in the civil contempt proceeding filed by Wife. The order indicates that both Wife and Husband were represented and appeared at the show cause hearing, but that Freightways neither appeared in person nor by counsel. The court found Freightways in "abject contempt" and ordered it to pay to Wife the amount of the arrearage that had accumulated since Freightways discontinued payments. Later, the court also ordered Freightways to pay Wife's and Husband's costs and attorneys' fees. *See generally* A.R.S. § 12–2454(O). Freightways appeals from these two orders.

Wife subsequently filed a second petition for an order to show cause and alleged that Freightways had simply ignored the previous contempt order. Freightways filed a response and moved to set aside under Rule 60(c) the July 1988 order of assignment, the order finding Freightways in contempt, and the order directing Freightways to pay costs and attorneys' fees of both Husband and Wife in the show cause proceeding.

Freightways asserted that these challenged orders were void for lack of subject matter jurisdiction because workers' compensation disability benefits are exempt from assignment unless the assignment is to pay child support. It argued the orders were to pay spousal maintenance. Freightways also contended that even if the statutory exception for child support were extended to spousal maintenance, the lump sum settlement in this case was neither: the settlement was intended to equalize the division of Husband's and Wife's property and debts.

---

1. Among other things, the attorney reported that Husband had not fathered children with Wife and that Wife's children were over eighteen when the parties dissolved their marriage.

In Wife's reply, she asserted that the superior court had jurisdiction to assign Husband's workers' compensation disability benefits, that the lump sum settlement was for spousal maintenance, that the exception to the exemption of workers' compensation disability benefits from assignment should be extended to spousal maintenance, and that the Industrial Commission award was an invalid collateral attack on the superior court order of assignment.

The superior court denied the motion to vacate the order of assignment and the previous contempt and attorneys' fees orders. The court also ordered Freightways to pay the arrearage plus interest, Wife's attorney's fees plus interest, and $100.00 a day until this order and the orders to pay attorney's fees were fully satisfied. Freightways timely appealed this judgment.

This court *sua sponte* questioned its jurisdiction. But after reviewing Freightways' response, the court issued an order acknowledging jurisdiction over the denial of the motion to set aside the July 1988 order of wage assignment. We reserved judgment on our jurisdiction to consider the denials of relief from the contempt and attorneys' fees orders, and we directed the parties to brief this issue.

### III.

On appeal, Freightways primarily asserts that A.R.S. § 23–1068(B) deprived the superior court of jurisdiction to assign Husband's workers' compensation disability benefits to satisfy his obligation under the dissolution decree. A.R.S. § 23–1068(B) provides in part: "[Workers'] Compensation shall be exempt from attachment, garnishment and execution, and shall not pass to another person by operation of law."

If the court lacked subject matter jurisdiction to order the assignment, the judgment would be void. Freightways thus would be entitled under Rule 60(c)(4), Ariz. R.Civ.P., to seek relief from "a final judgment, order or proceeding" where the judgment is void.

Freightways secondarily asserts that it is an innocent and faultless bystander ensnared by the inconsistent decisions of the court and the Industrial Commission and thus is entitled to relief under the catch-all language of Rule 60(c)(6), "any other reason justifying relief from the operation of the judgment."

However, a critical difference exists between Rule 60(c)(4) and Rule 60(c)(6) grounds for relief. The court must vacate a void judgment even if the party seeking relief delayed unreasonably. *See, e.g., Darnell v. Denton,* 137 Ariz. 204, 206, 669 P.2d 981, 983 (App.1983). In contrast, a party must request relief under Rule 60(c)(6) within a reasonable time. *See, e.g., United Imports and Exports, Inc. v. Superior Ct.,* 134 Ariz. 43, 45, 653 P.2d 691, 693 (1982); Ariz.R.Civ.P. 60(c).

The trial court has discretion to determine whether or not a delay is reasonable. *See, e.g., Price v. Sunmaster,* 27 Ariz.App. 771, 774, 558 P.2d 966, 969 (1976). A delay of five weeks, for example, has been found unreasonable. *See Richas v. Superior Ct.,* 133 Ariz. 512, 514–15, 652 P.2d 1035, 1037–38 (1982). On review, we assume that the trial court found the necessary facts and drew the necessary inferences if sufficient evidence in the record would support these assumptions. *See, e.g., Elliott v. Elliott,* 165 Ariz. 128, 135, 796 P.2d 930, 937 (App.1990).

In this case, we find sufficient evidence to support an implied finding that Freightways delayed unreasonably in seeking relief under Rule 60(c)(6) from the assignment order. At the time of the May 1990 show cause hearing for civil contempt, the Industrial Commission ALJ had already ordered Freightways to resume paying workers' compensation to Husband and to repay Husband the benefits it had paid to Wife. Freightways, however, failed to respond or to appear. It also delayed over two months in filing a response to Wife's second petition for an order to show cause. Accordingly, Freightways is entitled to seek relief only from a void judgment under Rule 60(c)(4).

## IV.

■ Before we turn to Freightways' argument that the superior court lacked jurisdiction to order the assignment of disability benefits, we will dispose of the preliminary question of whether the lump sum settlement in the divorce decree was a property settlement or spousal maintenance. We are not persuaded that a lump sum settlement is inconsistent with an award of spousal maintenance. A spousal maintenance award

> may be made as a lump sum or by way of periodic installments. Lump sum awards may be payable in installments. Sometimes it has been difficult to determine whether a lump sum payable in installments is a property division or maintenance and whether it is subject to termination by death or remarriage or whether it is subject to modification.

CHARLES M. SMITH & IRWIN CANTOR, ARIZONA PRACTICE: MARRIAGE DISSOLUTION PRACTICE § 308, at 338 (1988); *see also Schroeder v. Schroeder,* 161 Ariz. 316, 323, 778 P.2d 1212, 1219 (1989) (award of spousal maintenance modifiable unless expressly provides otherwise). The form of the decree in the current case does not clearly designate the lump sum settlement as an award of spousal maintenance and thus may be ambiguous, but it is not inconsistent with an award of spousal maintenance.

■ The superior court had authority to construe and clarify the ambiguous decree. *See Moore v. Moore,* 10 Ariz.App. 83, 85, 456 P.2d 403, 405 (1969). This court on review must assume that the court made the necessary findings and drew the necessary inferences if sufficient evidence in the record would support these assumptions. *See, e.g., Elliott v. Elliott,* 165 Ariz. at 135, 796 P.2d at 937.

We assume the superior court was aware that § 12–2454(A) permits an assignment of "earnings, income, entitlements or other monies without regard to source" to pay child support and that § 12–2454(C) permits an assignment of "earnings, income, entitlements or other monies without regard to sources" to pay spousal maintenance. In contrast, no similar statutory provision authorizes assignment to enforce a property settlement. It thus appears that the superior court interpreted the lump sum award as spousal maintenance.

We also find sufficient evidence to support the implied finding that the decree awarded spousal maintenance. The community assets of the parties were few, and the main asset, the community residence, was divided equally. The amount of community debt is not specified, but the division does not appear unequally to burden Wife. Finally, the parties themselves have treated the lump sum settlement as an award for spousal maintenance. Although this characterization admittedly has been in their self-interest, Freightways presented no inconsistent evidence (for example, that the parties have treated the payments as a property settlement for tax purposes).

## V.

We turn now to the arguments supporting Freightways' Rule 60(c)(4) argument that the superior court lacked jurisdiction to order the July 1988 assignment of fifty percent of Husband's workers' compensation disability benefits to Wife. These rely on the Industrial Commission's exclusive jurisdiction to award workers' compensation and the statutory exemption of workers' compensation from assignment.

■ First, Freightways argues the Industrial Commission has exclusive jurisdiction to award workers' compensation, and thus the superior court's order of assignment is void. *See, e.g., Red Rover Copper Co. v. Industrial Comm'n,* 58 Ariz. 203, 212, 118 P.2d 1102, 1106 (1941). However, the assignment order does not affect the power of the Industrial Commission to determine a worker's entitlement to compensation. The assignment simply directs payment of a portion of the worker's entitlement for the support of that worker's dependents.

■ Our supreme court long ago rejected the argument that the Industrial Commission's exclusive jurisdiction prohibits the superior court from using its equity

jurisdiction to impress a support obligation upon a workers' compensation award.

We are not dealing here with awards of the Commission except as they are incidental to the enforcement of the decree of the divorce between the parties.... [N]o attempt is being made to impeach the award, but the entire proceeding is predicated upon the proposition that said award is in all respects valid.

*Industrial Commission v. Oden,* 68 Ariz. 234, 237, 204 P.2d 849, 851 (1949). Therefore, the superior court does not unlawfully infringe the jurisdiction of the Industrial Commission by ordering the assignment of disability payments for child support or spousal maintenance. Just as the Industrial Commission has jurisdiction over the eligibility and amount of compensation to which a worker may be entitled, so the superior court has jurisdiction under the Family Responsibility statutes to enforce child support and spousal maintenance awards.

■ Freightways' second argument is that the Worker's Compensation Act prohibits assignment for any purpose. If the worker's income were totally exempt from assignment, the superior court would lack subject matter jurisdiction. Thus, the assignment order would be not merely an erroneous ruling but would be void, entitling Freightways to relief under Rule 60(c)(4) from a void judgment.

However, for reasons explained below, the order of assignment is not void. Freightways thus is not entitled to relief under Rule 60(c)(4).

The Workers' Compensation Act provides that "[c]ompensation shall be exempt from attachment, garnishment, and execution, and shall not pass to another person by operation of law...." A.R.S. § 23-1068(B).

■ However, as a matter of public policy, the courts have distinguished ordinary business debts incurred by an individual from the "natural and legal duty of a [person] to support his minor children." *Industrial Commission v. Oden,* 68 Ariz. 234, 238, 204 P.2d 849, 851 (1949). Freight-

ways concedes that *Oden* makes clear this judicially-created exception to the statutory exemption applies to assignments for child support. Thus, workers' compensation benefits cannot be exempt from the overriding obligation of a parent to support his or her children.

■ Freightways also concedes that recent cases involving statutory exemptions other than § 23-1068(B) have treated spousal maintenance as a similar overriding obligation. "[S]tatutes exempting property from legal process in the enforcement of a claim against a husband or father are not applicable to a claim for alimony or support." *Bagalini v. Dept. of Economic Sec.,* 135 Ariz. 326, 328, 660 P.2d 1253, 1255 (App.1983) (dictum). *See also Rose v. Rose,* 481 U.S. 619, 636, 107 S.Ct. 2029, 2039, 95 L.Ed.2d 599 (1987) (O'Connor, J., concurring in part and distinguishing familial support obligations from other debts) (*dictum*). Child support and spousal maintenance obligations "are not true debts. The wife and children are not creditors in the ordinary sense, but are in fact persons meant to be benefited [sic] as much as the recipient himself." *Bagalini v. Dept. of Economic Sec.,* 135 Ariz. 326, 328, 660 P.2d 1253, 1255 (App.1983).

These decisions are consistent with the policy allowing assignments evidenced in our statutes. Prior to 1979, A.R.S. § 12-2454(A) permitted an assignment "of a portion of [a] person's ... periodic entitlements to money without regard to source" for spousal maintenance or child support arrearages. In 1979, the following language was added: "[a]n assignment ordered under this section does not apply to amounts made exempt under § 33-1131, subsection C or any other applicable exemption law, and any order of assignment is void to the extent it may purport to reach any such exempt amount, but only to that extent." Laws 1979, Ch. 66, § 2 (current version at A.R.S. § 12-2454(B)).

The debtor's exemption law, § 33-1131(C), makes one-half of the disposable earnings of a debtor exempt from process. Process is defined in § 33-1121 as "execu-

**74**

tion, attachment, garnishment ... or any final process issued from any court ... provided for collection of debts." Because the assignment in question here covered only fifty percent of Husband's disability benefits, the assignment order would not violate the debtor's exemption law.

Finally, we are persuaded by the reasoning in *Argonaut Ins. Co. v. Lyons,* 159 Ariz. 267, 766 P.2d 619 (App.1988). There, the workers' compensation carrier argued the workers' compensation statute safeguarding compensation benefits from attachment, garnishment and execution conflicted with the procedure authorized under § 12–2454.01 for securing *ex parte* assignment of benefits to satisfy child support obligations or arrearages.

Section 12–2454 permits the superior court to order assignment of earnings, income, entitlements to pay child support or spousal maintenance arrearages. Section 12–2454.01 permits the court to issue an *ex parte* assignment for child support or spousal maintenance arrearages. Both sections contain language that voids an assignment of "amounts made exempt under § 33–1131 or any other applicable exemption laws." Nevertheless, in *Argonaut* we held that § 12–2454.01 "merely extends a debtor's exemption of fifty percent of his disposable earnings from process to a child support obligor, thus leaving the remaining fifty percent of the obligor's disposable earnings unexempt from process." *Id.* at 269, 766 P.2d at 621.

Following the reasoning in *Argonaut* and the language of § 12–2454, we hold that § 23–1068 of the Workers' Compensation Act does not exclude all of Husband's disability benefits from assignment for spousal maintenance. The July 1988 order of assignment therefore is not void for ordering an assignment of fifty percent of Husband's disability benefits to Wife.

**2.** We note that a special action challenging the contempt orders would have permitted a collateral attack on the order of assignment for voidness. *Cf. State v. Chavez,* 123 Ariz 538, 601 P.2d 301 (App.1979) (condemnor may not be held in contempt for void order) (citing *Phoenix Newspapers Inc. v. Superior Ct.,* 101 Ariz. 257, 418

### VI.

In its reply brief, Freightways for the first time argues that a decision holding spousal maintenance is an exception to the provisions of § 23–1068(B) should not be retroactively applied in this case. This argument is improperly raised for the first time in the reply brief. *See, e.g., United Bank v. Mesa N.O. Nelson Co.,* 121 Ariz. 438, 443, 590 P.2d 1384, 1389 (1979). Furthermore, Freightways cites no authority concerning retroactive application of appellate decisions. We accordingly will not address this argument.

Freightways also has briefed the issue of the court's jurisdiction to consider the denial of relief from the orders of contempt. The general rule is that the court lacks jurisdiction to review by appeal orders of civil contempt. *See, e.g., Pace v. Pace,* 128 Ariz. 455, 456–57, 626 P.2d 619, 620–21 (App.1981). Freightways urges us to recognize a limited exception for void judgments. However, because we have concluded that the July 1988 order of assignment is not void, we need not address this jurisdictional issue.[2]

We accordingly affirm the order and judgment of the superior court.

JACOBSON, P.J., and CLABORNE, J., concur.

P.2d 594 (1966)). Furthermore, a special action could have addressed whether or not Consolidated Freightways failed *without good cause* to comply with the order of assignment as required for contempt sanctions under A.R.S. § 12–2454(O).